```
              UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA
                      Norfolk Division
```

CLINTON SHAWN DUNNING,
State #392513/Federal #28282-057

    Petitioner,

v.                                       Civil Action No. 2:16cv133

ERIC D. WILSON, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Clinton Shawn Dunning ("Dunning") seeks a writ of habeas corpus under 28 U.S.C. § 2241 alleging error in the calculation of his federal sentence. Specifically, Dunning seeks credit for time spent in state custody prior to commencement of his federal sentence. Alternatively, he seeks resentencing to account for the loss of the credit which he claims the sentencing court intended he would receive. The Respondent moved to dismiss Dunning's petition, or in the alternative for summary judgment, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Because the Federal Bureau of Prisons ("BOP") properly calculated Dunning's sentence, and this court has no jurisdiction to resentence him under Section 2241, the undersigned recommends that the Respondent's Motion for Summary Judgment be granted, and the petition be dismissed.

1

I.  **RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Prior to his federal conviction, on August 20, 2011, Dunning was arrested in North Carolina and charged with felon in possession of a firearm. On October 4, 2011, Dunning was convicted in state court in Guilford County, North Carolina and sentenced to a 15 - 18 month prison term on three separate charges arising from his possession of the firearm. Boudreaux Decl., Resp't. Ex. 1, ¶ 7, Attach. 4 (ECF No. 6-1, at 2-3).

While serving his state sentence, Dunning was indicted on the federal charge. He was temporarily transferred to federal custody for proceedings in connection with the federal offense on March 7, May 7 and August 15, 2012, the date of his federal sentencing. Boudreaux Decl., ¶¶ 9-10, Attach. 6 (ECF No. 6-1, at 3, 29). Following his conviction, the district court ordered that his 84-month sentence run concurrent with the state sentence, and recommended that Dunning receive credit for prior custody from the date of his initial arrest on August 20, 2011. Boudreaux Decl., Attach. 7, at 1-2 (ECF No. 6-1 at 31-32). After his sentencing, Dunning was returned to North Carolina to complete service of his state sentence. He entered BOP custody after its completion on December 10, 2012, when he began serving his federal sentence at the Federal Correctional Institute in Petersburg, Virginia. Boudreaux Decl. ¶¶ 11-15 (ECF No. 6-1 at 4-5). Dunning was later transferred to the BOP facility in

Inez, Kentucky known as Big Sandy. His projected release date is December 26, 2018. Boudreaux Decl. ¶ 5 (ECF No. 6-1 at 2).

Although Dunning did not begin serving prison time in a federal facility until December, 2012, the BOP calculated Dunning's 84-month federal sentence as beginning August 15, 2012, the date he was sentenced by the federal court in North Carolina. During the remainder of his state sentence, BOP designated his sate facility as a state institution where service of the concurrent federal sentence would begin. Boudreaux Decl. ¶ 12 (ECF No. 6-1 at 4) (citing 18 U.S.C. § 3621). Dunning also received credit for 45 days of prior custody, which included the period from his original arrest on August 20, 2011, through the date his state sentence was imposed on October 3, 2011. Dunning did not receive credit against his federal sentence for the time he spent serving his North Carolina sentence from October 3, 2011 until his federal sentence was imposed August 15, 2012, and it is this lost credit which he challenges in this habeas claim.

Dunning argues that, because the sentencing judge intended that he receive credit for all the time he spent in custody before his federal conviction, BOP's refusal to credit him with time spent serving the state sentence is a sentence calculation error subject to correction under Section 2241. Alternatively, he argues that if he cannot receive credit for all of the time

spent serving his state sentence, he should be resentenced to account for the credit intended by the sentencing judge.

The Respondent moved for summary judgment, arguing that Dunning's sentence was properly calculated, and that this court lacks jurisdiction under Section 2241 to resentence him. As required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Dunning was advised of his right to respond to the motion, as well as the consequences of failing to respond (ECF No. 7). Dunning did not respond and the time to do so has now expired.[1]

## II. STANDARD OF REVIEW

Federal Rule of Civil Standard of Review requires the Court to grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). "A material fact is one 'that might affect the outcome of the suit under the governing law.' A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

---

[1] Dunning was apparently transferred to a state facility to face trial on unrelated state charges and may not have received the respondent's original filings. However, by Order the court directed the pleadings be resent and extended the time for response. Dunning still did not respond. (ECF No. 9).

The party seeking summary judgment has the initial burden of informing the Court of the basis of its motion and identifying materials in the record it believes demonstrates the absence of a genuine dispute of material fact. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In considering a motion for summary judgment, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); see Anderson, 477 U.S. at 255. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

### III. ANALYSIS

As relevant here, under 18 U.S.C. § 3585(a), a federal sentence begins when the defendant "is received in custody . . . at the official detention facility at which the sentence is to

be served." In addition, the sentence may not commence before the date on which it was imposed by the sentencing court. United States v. McClean, 867 F.2d 609 (Table) 1989 WL 5457 at *1 (4th Cir. Jan. 13, 1989). Under 18 U.S.C. § 3621(b) the BOP can designate a nonfederal facility for service of the federal sentence to carry out the direction of the sentencing court that a federal sentence run concurrent with previously imposed state incarceration. Boudreaux Decl. ¶¶ 13-14 (citing Program Statement 5160.05 Designation of State Institution for Service of Federal Sentences, Attach. 9) (ECF No. 6-1 at 47-51). But because service of the federal sentence cannot begin until it is imposed, the BOP could not designate a state institution for concurrent service of Dunning's sentence any earlier than August 15, 2012, the date Dunning was sentenced on the federal charges.

In addition, 18 U.S.C. § 3585(b) provides:

> Credit for prior custody - a defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences.
>
> 1. As a result of the offense for which the sentence was imposed; or
>
> 2. As a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed: that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). In this case, the time for which Dunning complains he was denied credit was credited

6

against his North Carolina sentence, and as a result, BOP was precluded by statute from crediting it against his federal sentence notwithstanding the federal sentencing judge's direction that Dunning receive credit for time spent in custody before his federal sentence began. Most of the time he was in state custody serving his state sentence was not pretrial detention, but time served against his state sentence before commencement of his federal sentence.

Dunning did receive credit for a portion of this pretrial detention; namely, the 45 days from the time he was arrested on August 20, 2011 until commencement of his state sentence, October 3, 2011. Because this time was not credited against another sentence, BOP allowed Dunning credit under the holding in Willis v. United States, 438 F.2d 923, 924 (5th Cir. 1971). So-called Willis credit is permitted when a federal sentence runs concurrently with a non-federal sentence for all of the time spent in non-federal presentence detention up to the time the first of the concurrent sentences is imposed. Id. As a result, Dunning has received all of the concurrent credit he was entitled to receive under federal law.

Dunning argues in the alternative that if he cannot be awarded credit for all of the time he spent in state custody that he should be resentenced, as the sentencing judge clearly intended that he receive such credit. Federal prisoners must

7

ordinarily challenge their sentence by motion filed under 28 U.S.C. § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)).

Claims challenging the validity of a federal prisoner's conviction or sentence may be brought under § 2241 only when § 2255 is "inadequate or ineffective to test the legality of [the prisoner's] detention." § 2255(e).[2] And, § 2255 is inadequate or ineffective only when:

> (1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Importantly, Fourth Circuit precedent limits the reach of the savings clause to those

---

[2] Section 2255(e)'s limitation is a limitation on the court's jurisdiction to hear a § 2241 petition. See § 2255(e) ("An application for a writ of habeas corpus . . . shall not be entertained . . . .") (emphasis added); Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) ("[T]he district court lacked jurisdiction over the Habeas Motion because Rice is unable to satisfy the second prong of the Jones rule."); Bryant v. Warden, 738 F.3d 1253, 1262-63 (11th Cir. 2013).

8

petitioners alleging "actual innocence of the underlying offense of conviction." Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. Apr. 29, 2011) (unpublished); see In re Jones, 226 F.3d at 333-34 ("Such that the conduct of which the prisoner was convicted is deemed not to be criminal." (emphasis added)); United States v. Poole, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34).

Dunning brought his claim under § 2241, not § 2255, and he has not asserted, much less demonstrated, that § 2255 is inadequate or ineffective to test the legality of his confinement. See § 2255(e).[3] The Fourth Circuit has interpreted this so-called "savings clause" of § 2255 narrowly. Although petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the savings clause articulated in In re Jones. Dunning's

---

[3]Section 2255(e) provides:

> An application for a writ of habeas corpus [(§ 2241 petition)] on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

challenge does not.

Applying the three part described in In re Jones, Dunning cannot satisfy the second or third element. His petition does not identify any change in the substantive law. And his claims relate only to sentencing with none rendering his underlying conduct "not criminal." Poole, 531 at 267 n. 7 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (citing In re Jones, 226 F.3d at 333-34). Because this court lacks any jurisdiction to re-sentence Dunning under § 2241, and the calculation of his sentence is proper, the Respondent's Motion for Summary Judgment should be granted.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Respondent's Motion for Summary Judgment (ECF No. 5) be GRANTED and that Dunning's petition under 28 U.S.C. § 2241 be DENIED and the claims DISMISSED with prejudice.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendation within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §

10

636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of the right to appeal from a judgment of this court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

January 4, 2017

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**Clinton Shawn Dunning**
State #392513, Federal #28282-057
Guilford County Detention Center
201 South Edgeworth Street
Greensboro, NC 27401

and an electronic copy was provided to:

**Daniel Patrick Shean**
U.S. Attorney's Office (Norfolk)
101 W. Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By_____
Deputy Clerk

January 4, 2017